CHAPMAN *v.* MAXWELL, WARDEN.

[Cite as Chapman v. Maxwell, Warden, 1 Ohio St. 2d 176.]

(No. 39093—Decided March 17, 1965.)

Mr. *William H. Chapman, in propria persona.*
Mr. *William B. Saxbe,* attorney general, and Mr. *William
C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner contends that he
was forced to plead guilty without being represented by coun-
sel. Petitioner argues first that he did not have counsel during
the period from December until May when he entered his plea
of guilty. In rebuttal to this the respondent introduced into
evidence a series of letters from the prosecuting attorney's
office to a local attorney informing the attorney of hearing
dates on petitioner's case. These letters, some five in number,
date from December 29, 1955, to May 2, 1956. On viewing these
letters, petitioner then stated that such attorney withdrew on
May 11, 1956, and that petitioner was forced to go into court

on May 14 without an attorney. Respondent then introduced into evidence two letters written by petitioner, one in 1958 addressed to a judge of the Court of Common Pleas in which he referred to the actions of his attorney in relation to a plea of guilty, the second written in 1959 to an assistant prosecuting attorney in which he stated that he changed his plea to guilty on the advice of his attorney.

Assuming for the purpose of this case that petitioner's statement is accurate, that his attorney withdrew on May 11, 1956, some three days prior to the time he entered his plea, and that he was forced to go into court without an attorney, can petitioner under the facts of this case urge that his conviction was invalid because of lack of representation of counsel?

It is apparent that, until three days prior to his plea, petitioner was represented by counsel and that such counsel was active on his behalf. In one of his letters, petitioner refers to an alleged arrangement the attorney had made with the prosecuting attorney in relation to the running of prior sentences if petitioner would plead guilty. It is also clear from petitioner's own statements in his letter that he changed his plea on advice of counsel.

Under the circumstances, did the mere physical absence of counsel at the time the actual plea was entered invalidate petitioner's conviction?

The basic purpose of the constitutional guarantee of counsel is that an accused be afforded the guidance and advice of counsel during his prosecution. Petitioner had such services and acted upon the advice of his counsel. Even if true, the fact that he had no counsel present at the time he actually entered his plea did not affect the validity of the conviction where the accused acted on the advice of his counsel.

There is nothing in the record to show that petitioner was forced to plead when he did, nor is there anything to indicate that at the time he entered such plea he requested and was denied counsel.

It cannot be said that petitioner was denied his right to counsel.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.